MERIDA ZUMBAHLEN, Plaintiff-Appellant, v. MORRIS COMMUNITY HIGH SCHOOL, DISTRICT No. 101, Defendant-Appellee.

Third District   No. 3—89—0680

Opinion filed November 30, 1990.

HEIPLE, P.J., dissenting.

Stephen J. West, of Ottawa, for appellant.

John W. Condon, of Dunn, Hayes & Condon, of Morris, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from a summary judgment order entered against the plaintiff, Merida Zumbahlen, who sustained injuries while attending a football game on the property of the defendant, Morris Community High School, District No. 101.

The facts are not in dispute. On October 16, 1986, the plaintiff was

on the defendant's premises to attend a football game. She went to the ticket booth to get a ticket and upon leaving that area caught her heel on the edge of a concrete parking curb, causing her to trip and fall. There were a number of children running around the area, and the plaintiff had to weave around them to avoid being run into. The plaintiff admitted, however, that she knew the curb was there and in fact was trying to be careful around it.

The plaintiff's complaint alleged that the defendant was negligent for failing to exercise reasonable care in providing her with a safe place to walk and in failing to warn her that a concrete curb was in the vicinity. The defendant filed a motion for summary judgment, alleging that it did not have a duty to warn the plaintiff since she knew of the existence of the curb. The trial court granted the motion, finding that the plaintiff's complaint failed to raise a genuine issue of material fact.

On appeal, the plaintiff argues that the trial court erred in finding as a matter of law that the defendant did not have a duty to warn her about the curb.

■■ ■ Summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) To survive a motion to dismiss in a negligence action, the complaint must allege facts from which the law will raise a duty. *Schaffrath v. Village of Buffalo Grove* (1987), 160 Ill. App. 3d 999, 513 N.E.2d 1026.

■■ ■ In *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, the Illinois Supreme Court recently addressed the issue of the existence of a duty in cases of known or obvious risks. In *Ward*, the court stated that the " 'obviousness' of a condition or the fact that the injured party may have been in some sense 'aware' of it may not always serve as adequate warning of the condition and of the consequences of encountering it." (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 148-49, 554 N.E.2d 223, 230.) "If the defendant may reasonably be expected to anticipate that even those [entrants] in the general exercise of ordinary care will fail to avoid the risk because they are distracted or momentarily forgetful, then his duty may extend to the risk posed by the condition. Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact." (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 156, 554 N.E.2d 223, 234.) "Attempting to dispose of litigation by merely invoking such relative and imprecise characterizations as 'known' or

'obvious' is certainly no adequate substitute for assessing the scope of the defendant's duty under the circumstances \*\*\*." *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 147-48, 554 N.E.2d 223, 230.

In light of *Ward*, we believe there existed a genuine issue of material fact in the instant case.

For this reason, the judgment of the circuit court of Grundy County is reversed and the cause remanded for further proceedings consistent with the holding in *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.

Reversed and remanded.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, dissenting:

The plaintiff, 62-year-old Merida Zumbahlen, sustained injuries when she caught her heel on a concrete parking curb on the defendant's premises and fell. The defendant, Morris Community High School, District No. 101, was granted summary judgment by the trial court, which found that the plaintiff's complaint failed to raise a genuine issue of material fact. The majority, relying on the recent Illinois Supreme Court case of *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, reverses, finding that a genuine issue of material fact exists as to whether the defendant had a duty to warn the plaintiff about the curb. I find that *Ward* is distinguishable and therefore I dissent.

On October 16, 1986, the plaintiff was attending a football game at Morris Community High School. After purchasing her ticket at the ticket booth, the plaintiff walked about four or five steps and then attempted to step carefully around a parking curb that she knew was there. She caught her heel on the edge of the concrete parking curb, causing her to trip and fall.

The majority finds that in light of *Ward*, the trial court decision to grant the defendant summary judgment must be reversed. The facts of *Ward* are distinct from the case at bar. In *Ward*, the plaintiff sustained injuries when he walked into a concrete post located just outside a customer entrance door of a K mart department store. At the time of the injury, the plaintiff was carrying a large mirror which he had purchased at the K mart. The plaintiff admitted that he had seen the post before entering the K mart. The trial court in *Ward* entered a judgment notwithstanding the jury's verdict for the plaintiff on the ground that K mart had no duty to warn of the post which was an obvious condition. The appellate court affirmed. The supreme court reversed,

holding that K mart's duty of reasonable care encompassed the risk that one of its customers, while carrying a large, bulky item, would collide with the post upon exiting through the customer door. The supreme court found that there are certain dangerous conditions which, although obvious, do not alter a defendant's general duty of reasonable care to warn customers of those risks. In so finding, the supreme court stated that it may have arrived at a different conclusion if the post was located farther from the store entrance, or if the plaintiff would not have been carrying any vision-obscuring bundle. *Ward*, 136 Ill. 2d at 153.

In the case at bar, the plaintiff saw the parking curb yet attempted to step around it. Her view was not obstructed and no warning sign was necessary since she was fully aware of the parking curb's presence. Further, the parking curb was located several feet from the ticket booth. Thus, unlike *Ward*, this case does not present a situation where the defendant should be reasonably expected to anticipate that customers in the general exercise of ordinary care will fail to avoid the obvious risk because they are distracted or are momentarily forgetful. Here, the plaintiff was not distracted and the defendant had no duty to warn the plaintiff about the open and obvious condition of a parking curb.

Accordingly, I would affirm the circuit court's decision to grant summary judgment to the defendant. Therefore, I dissent.